# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DYANNA BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:18-cv-00333-DGK |
| | ) |
| CITY OF KANSAS CITY, | ) |
| MISSOURI, et al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF THE CITY OF KANSAS CITY, MISSOURI

The Defendant, the City of Kansas City, Missouri (the City), answers and responds to the Plaintiff's Complaint as follows:

## INTRODUCTION

1. The City admits the Plaintiff has filed a purported civil-rights class action lawsuit in which she seeks judgment for an alleged violation of her Fourteenth Amendment rights. The City denies the remainder of Paragraph 1 of the Complaint.

## PARTIES

2. The City lacks sufficient information to admit or deny the allegations in Paragraph 2. Therefore, the City denies the allegations.

3. The City admits the allegations contained in Paragraph 3 of the Complaint.

1

4. The allegations in Paragraph 4 concern another defendant and need no answer from the City. To the extent an answer is required, the City admits the allegations contained in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 concern another defendant and need no answer from the City. To the extent an answer is required, the City admits the allegations contained in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 concern another defendant and need no answer from the City. To the extent an answer is required, the City admits the allegations contained in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 concern another defendant and need no answer from the City. To the extent an answer is required, the City admits the allegations contained in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 concern another defendant and need no answer from the City. To the extent an answer is required, the City admits the allegations contained in Paragraph 8 of the Complaint.

## CLASS ACTION ALLEGATIONS

9. The City admits the Plaintiff has filed this action as a purported class action in which she seeks relief on behalf of herself and others who she believes and alleges are similarly situated. The City denies the Plaintiff can maintain a class action and denies the remainder of the allegations in Paragraph 9 of the Complaint.

10. The City admits the Plaintiff has alleged she is seeking to represent a class of individuals in this action who have had, or in the future will have, a vehicle

towed and impounded at the direction of the Kansas City Police Department. The City denies the Plaintiff is an appropriate class representative and further denies the claims are appropriate for class action. All remaining allegations in Paragraph 10 of the Complaint are denied.

11.     The City admits the Plaintiff seeks injunctive relief through this action. The City denies that it has failed to institute adequate protections within any vehicle impoundment process, denies that any of its policies are unconstitutional, and denies that any constitutional rights of any person have been violated. The City denies all remaining allegations in Paragraph 11 of the Complaint.

12.     The City denies any wrongdoing and denies the Plaintiff's claims are appropriate for class action. Therefore, there is no need to determine any other members of Plaintiff's alleged class. The City denies all allegations in Paragraph 12 of the Complaint.

13.     The City denies the Plaintiff's claims are appropriate for class action and further denies there are common questions of law and fact connecting Plaintiff's claims to those of any other members of her purported class. The City denies all allegations in Paragraph 13 of the Complaint.

14.     The City denies the Plaintiff's claims are appropriate for class action. The Plaintiff's claims are not typical of any other member of the purported class she seeks to represent and the City denies there is any common legal theory. The City

3

further denies that it has employed any wrongful policy or custom. The City denies all allegations in Paragraph 14 of the Complaint.

15. The City denies the Plaintiff's claims are appropriate for class action. Thus, she is not a proper representative of any alleged class. The City admits Plaintiff's counsel are competent and skilled, but denies all other allegations in Paragraph 15 of the Complaint.

16. The City denies the Plaintiff's claims are appropriate for class action. The City denies all allegations in Paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17. The City admits the Plaintiff brings her alleged claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. The City denies any of the Plaintiff's claims will be meritorious.

18. The City admits this Court has jurisdiction over this action.

19. The City admits venue is proper in this Court.

20. The City admits venue is proper in the Western Division of this Court.

## FACTS

21. The City denies the allegations in Paragraph 21. The City affirmatively alleges the operative date of the facts alleged in the Plaintiff's Complaint is February 25, 2016, not February 2, 2016, as the Plaintiff erroneously pleads.

22. The City admits 16th Street is a public street.

23. The City lacks sufficient information to admit or deny the allegations in Paragraph 23. Therefore, the City denies the allegations.

24. The City lacks sufficient information to admit or deny the allegations in Paragraph 24. Therefore, the City denies the allegations.

25. The City lacks sufficient information to admit or deny the allegations in Paragraph 25. Therefore, the City denies the allegations.

26. The City admits that Plaintiff's car had been towed and impounded. The City lacks sufficient information to admit or deny the remaining allegations in Paragraph 26. Therefore, the City denies the remaining allegations.

27. The City admits that it operates the Tow Services Division.

28. The City admits that it stores vehicles impounded by the Kansas City Police Department at the Tow Lot.

29. The City lacks sufficient information to admit or deny the allegations in Paragraph 29. Therefore, the City denies the allegations.

30. The City admits the Plaintiff paid $265.00 to obtain her vehicle from the Tow Lot.

31. The City lacks sufficient information to admit or deny the allegations in Paragraph 31. Therefore, the City denies the allegations.

32. The City lacks sufficient information to admit or deny the allegations in Paragraph 32. Therefore, the City denies the allegations.

33. The City lacks sufficient information to admit or deny the allegations in Paragraph 33. Therefore, the City denies the allegations.

34. The City denies the Plaintiff's vehicle was parked legally and in compliance with all regulations and ordinances of the City of Kansas City and all applicable state and federal laws.

35. The City lacks sufficient information to admit or deny the allegations in Paragraph 35, and therefore, denies the allegations.

36. The City denies the allegations in Paragraph 36.

37. The City admits the illegal-parking citation issued to the Plaintiff was dismissed.

38. The City lacks sufficient information to admit or deny the allegations in Paragraph 38. Therefore, the City denies the allegations.

39. The City lacks sufficient information to admit or deny the allegations in Paragraph 39. Therefore, the City denies the allegations.

40. The City denies the allegations in Paragraph 40 of the Complaint.

41. The City denies the allegations in Paragraph 41 of the Complaint.

42. The City denies the allegations in Paragraph 42 of the Complaint.

## COUNT I
## 42 U.S.C. § 1983 – Due Process

43. The City repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Answer as if fully set forth herein.

44. The City denies the allegations in Paragraph 44 of the Complaint. The Plaintiff was required to pay $265.00 to have her vehicle released from the Tow Lot after it had been parked illegally.

45. The City admits there is a schedule of fees that is employed at the Tow Lot. The City denies the remainder of the allegations in Paragraph 45 of the Complaint.

46. The City denies the allegations in Paragraph 46 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

47. The Plaintiff's Complaint has failed to state a claim upon which relief may be granted.

48. The City has an adequate process whereby persons who have vehicles towed and impounded may request a waiver of the fee which is required for return of the vehicle.

49. The Plaintiff did not properly request a waiver of the fee that was required for the return of her vehicle which had been towed and impounded.

50. The City acted in good faith at all times relevant to the facts alleged in the Complaint and did not violate any of the Plaintiff's constitutional rights.

WHEREFORE, the City requests this Court enter an order dismissing the Plaintiff's claims against it, award no relief to the Plaintiff, and allow such other and further relief to the City as the Court finds to be just.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY

By: /s/ Tara M. Kelly
Tara M. Kelly, #64624
Assistant City Attorney
2300 City Hall, 414 E. 12th Street
Kansas City, Missouri 64104

Telephone: (816) 513-3117
Facsimile: (816) 513-2716
Email: tara.kelly@kcmo.org

ATTORNEYS FOR DEFENDANT
CITY OF KANSAS CITY, MISSOURI

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2018, a copy of the foregoing Answer of the City of Kansas City, Missouri was filed through the Court's e-filing system, sending notice to all counsel of record in this case.

    /s/Tara M. Kelly
Tara M. Kelly