IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DYANNA BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3-18-CV-00333-DGK |
| ) | |
| CITY OF KANSAS CITY, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**SUGGESTIONS IN SUPPORT OF MOTION TO STRIKE JURY DEMAND
OF KANSAS CITY BOARD OF POLICE COMMISSIONERS**

**INTRODUCTION**

The relief Plaintiff seeks in the instant case is solely equitable in nature. Plaintiff seeks the implementation of a procedure so that she and others whose vehicles are improperly towed and impounded will have some mechanism that comports with Constitutional guarantees of due process to recover the tow fees paid. To this end, the members of the Kansas City Board of Police Commissioners are sued in their official capacities only. In suits sounding solely in equity, there is no right to jury trial. Accordingly, this Court should strike the jury demand of the Board members.

**BACKGROUND**

Plaintiff filed this class action lawsuit against Defendants, pursuant to 42 U.S.C. § 1983, alleging that the lack of a process by which a person whose vehicle is improperly towed and impounded can recover fees paid to recover their vehicle contravenes Constitutional guarantees of Due Process. ECF No. 1 In support of her claim, she alleges that after lawfully parking her vehicle on a public street in Kansas City, a police officer caused her car to be towed and

1

impounded. *Id*., at ¶¶ 21–23, 31, 34. Plaintiff contested her illegal parking citation and it was dismissed, after which she requested reimbursement of the fee she had previously paid to recover her vehicle. *Id*. at ¶¶ 35–38. The judge disclaimed any authority to order reimbursement, and after Plaintiff determined that neither the Kansas City Police Department nor the City of Kansas City has any process by which she or any other person can recover the fees associated with having their vehicle towed, she filed this lawsuit. *Id*. at ¶¶ 39, 41.

In its Answer, the Board, through its individual members, "request[s] a trial by jury." ECF No. 10 at 8.

## ARGUMENT

While "[s]ection 1983 authorizes a party who has been deprived of a federal right under the color of state law to seek relief through 'an action at law, suit in equity, or other proper proceeding for redress[,]'" there is no statutory right to a jury trial. *City of Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687, 707–08 (1999). In the absence of a statutory right to a jury trial, the question becomes whether the Seventh Amendment guarantees such a right on a § 1983 claim. *Id.* at 708. The Seventh Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. AM. VII.

Although a jury trial is an option in many cases, "[i]t is settled law that the Seventh Amendment does not apply" in all contexts, including "suits seeking only injunctive relief" and "suits seeking only equitable relief." *City of Monterey*, 526 U.S. at 719 (citing *Keystone*

*Bituminous Coal Assn. v. DeBenedictis*, 480 U.S. 470 (1987) and *Parson v. Bedford*, 3 Pet. 433, 7 L.Ed. 732 (1830)).

This settled law derives from the two-prong inquiry the Supreme Court developed to determine whether the Seventh Amendment requires a jury trial in certain contexts. First, a court must determine whether the cause of action was tried at law when the Seventh Amendment was adopted or is analogous to a cause of action that was so tried. *City of Monterey*, 526 U.S. at 719. If so, then the court must determine "whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *Id.* (internal citation omitted). If the case was not one tried at law or analogous to one tried at law when the Seventh Amendment was adopted, there is no right to a jury trial.

"With respect to the first inquiry, we have recognized that 'suits at common law' include 'not merely suits, which the *common* law recognized among its old and settled proceedings, but [also] suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *City of Monterey*, 526 U.S. at 708 (quoting *Parsons*, 3 Pet. at 447). "The Seventh Amendment thus applies not only to common-law causes of action but also to statutory causes of action 'analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.'" *Id.* at 708–09 (internal citations omitted). Thus, "a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment." *Id.* at 709. The holding was premised on the settled proposition that, although there was no cause of action like a § 1983 claim when the Seventh Amendment was adopted, the amendment's "jury guarantee extends to statutory claims

unknown to the common law, so long as the claims can be said to 'soun[d] basically in tort,' and seek legal relief." *Id*. (internal quotation omitted).

In *City of Monterrey*, for example, the Court found a right to a jury trial existed because the plaintiff sought damages for an alleged regulatory takings claim and was therefore seeking legal relief in a § 1983 context, i.e., it was "an action at law within the meaning of the Seventh Amendment." 526 U.S. *Id.* at 709. "Damages for a constitutional violation are a legal remedy." *Id.* at 710. A claim for equitable relief only, however, does not sound in tort or seek legal relief. And while some § 1983 claims do "sound in tort," Plaintiff is aware of no precedent that would support the proposition that her equitable relief only claim here is, or is "'analogous to [a] common-law cause[] of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.'" *Id.* at 708–09 (internal citations omitted). To the contrary, this is a classic example of an equity case with no damages sought at all.

Moreover, when, as here, state officials are sued in their official capacity only, a § 1983 plaintiff is limited to seeking prospective relief. *See Nix v. Norman*, 879 F.2d 429, 432–33 (8th Cir. 1989) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989)). Retrospective relief, such as monetary damages, requires that a defendant be sued in his or her personal capacity. *Kentucky v. Graham*, 473 U.S. 159, 168–70 (1985) (suit for damages must be litigated against official in his or her personal capacity, and Eleventh Amendment bars damages in an official-capacity suit); *Hafer v. Melo*, 502 U.S. 21, 26, 31 (1991) (state officials sued in official capacity are not "persons" for the purpose of § 1983 claims, but can be liable for damages when sued in personal capacity).

4

## CONCLUSION

Plaintiff has named the individual members of the Board of Police Commissioners solely in their official capacities and seeks prospective relief only. They are not entitled to a jury trial, as such, their jury demand should be stricken.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, Mo. Bar No. 44827
JESSIE STEFFAN, Mo. Bar No. 64861
ACLU OF MISSOURI FOUNDATION
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
*phone* (314) 652-3114
*fax* (314) 652-3112
arothert@aclu-mo.org
jsteffan@aclu-mo.org

GILLIAN R. WILCOX, Mo. Bar No. 61278
ACLU OF MISSOURI FOUNDATION
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
*phone* (816) 470-9938
*fax* (314) 652-3112
gwilcox@aclu-mo.org

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2018, I electronically filed the foregoing with the Clerk of court using the CM/ECF system and a copy was made available electronically to counsel for defendants, who is an electronic filing participant.

/s/ Anthony E. Rothert